## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ANDRE FARMER**                                                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 3:15CV410 CWR-LRA**

**WARDEN MOSLEY**                                              **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Andre Farmer filed his petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 on June 8, 2015.[1]  The petition is now before the undersigned for report and recommendation.  When Farmer signed his petition, he was a federal prisoner incarcerated at Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, having been convicted and sentenced to a 48-month term on August 8, 2013, in the United States District Court for the Northern District of Mississippi.

Farmer was convicted of being a felon in possession of a firearm, while serving a five-year sentence in state custody for violating the terms of his Mississippi probation. The district court ordered that Farmer's federal sentence be served concurrently with his previous state sentence, and that he also serve a two-year term of supervised release. On August 13, 2013, the U.S. Marshals returned Farmer to the custody of state authorities.  In the instant petition, Farmer challenges the manner in which his federal

---

[1]Section 2241(a) provides in pertinent part that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Section 2241(c)(3) states that a writ of habeas corpus may extend to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."

sentence was calculated, alleging that the Bureau of Prisons abused its discretion in failing to properly apply a credit to his sentence.[2]

Taking judicial notice of the Bureau of Prisons website,[3] which reflects that Farmer was released on November 6, 2016, and noting that he has not provided this Court with a current address, the undersigned recommends that Farmer's § 2241 petition, which sought an early release, be dismissed for lack of a case or controversy.[4]  *See, e.g.*, Fed. R. Evid. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Denius v. Dunlap*, 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of recordkeeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."  *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990) (citation omitted).  The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78).

---

2 ECF No. 1; ECF No. 14-1--14-4.

3 *See* www.bop.gov/inmateloc/.

[4] Inasmuch as Farmer has not maintained a current address with the Court, it would be a futile gesture to provide him an opportunity to advise the Court as to the existence of any collateral consequences.  However, he could still show such consequences by timely objection.

Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Valentine v. Pearson*, No. 5:10cv160 DCB-JMR, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)).

Under the *Spencer* case, a petitioner presents an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration or parole — some 'collateral consequence' of the conviction"). 523 U.S. at 7. For the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

In this case, Farmer was released from prison over two months ago. He has not contacted the Court after his release or provided a current address. He has not demonstrated to the Court that he has a continuing injury after his release, and he may have lost interest in pursuing his claims for early release due to the claims being moot.

Finally, because Farmer has not submitted a current address to the Clerk and has not communicated with the Court since October 26, 2015, his petition is also subject to dismissal without prejudice for want of prosecution and failure to comply with the Local Rules. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses

3

inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, 45 F.App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute -- even incarcerated litigants must inform the court of address changes).

In light of the mootness of Farmer's claims, as well as his failure to maintain a current address with the clerk of the court, the undersigned recommends that his Petition be dismissed without prejudice. Alternatively, if Farmer files a timely objection to this Report and Recommendation, providing a current address and showing why his claims are not moot, he should be allowed to proceed on the merits of his claims.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and

4

recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED on February 27, 2017.


                                      s/ Linda R. Anderson
                              UNITED STATES MAGISTRATE JUDGE